[Cite as *Kinsey v. Ohio Dept. of Transp., Dist. 11*, 2011-Ohio-4591.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BROC KINSEY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

    Case No. 2011-02964-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} On January 25, 2011, Broc Kinsey was driving a 1999 Honda CR-V on State Route 36 when the vehicle struck a dislodged survey monument in the traveled portion of the roadway. As a result of striking the monument, the 1999 Honda CR-V received tire and rim damage. According to the Ohio State Highway Patrol report, this automobile is owned by Lorin E. Kinsey.

{¶2} Plaintiff has asserted that defendant, Department of Transportation, should bear liability for the damage to the automobile. Consequently, plaintiff filed this complaint seeking to recover $355.74 for replacement of two tires and a rim. The $25.00 filing fee was paid.

{¶3} Defendant denied any liability in this matter. Defendant located the incident at "milepost 15.7 on US 36 in Tuscarawas County." Defendant denied having any knowledge of a loosened or displaced monument on U.S. Route 36 prior to plaintiff's January 25, 2011 incident. Defendant related that, "[t]his section of roadway has an average daily traffic count" of over 7,000 vehicles. Defendant asserted that

plaintiff did not offer any evidence to establish the length of time that debris was in the roadway prior to this incident.

{¶4}    Additionally, defendant contended that plaintiff did not offer any evidence to prove that the roadway was negligently maintained.  Defendant advised that the ODOT "Tuscarawas County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no loosened or dislodged monuments were discovered in the vicinity of milepost 15.7 the last time that section of roadway was inspected prior to January 25, 2011.  Defendant argued that plaintiff has failed to offer any evidence to prove that his property damage was attributable to any conduct on the part of ODOT personnel. Defendant stated that, "[a] review of the six-month maintenance history [record submitted] for the area in question reveals that ten (10) maintenance operations were done in the general vicinity of plaintiff's incident."  In addition defendant pointed out there was "a crew doing Ground-Mounted Flatsheet Sign Maintenance on January 13, 2011."  Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶5}    Plaintiff filed a response wherein he asserted the state should be responsible for the damage to the vehicle.

CONCLUSIONS OF LAW

{¶6}   For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.  Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence.  *Barnum v. Ohio State University* (1977), 76-0368-AD.  However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio

St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defect and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not submitted any evidence to establish that ODOT had actual notice of the survey monument prior to plaintiff's incident. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard* at 4.

{¶11} The trier of fact is precluded from making an inference of defendant's

constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶12} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the survey monument.

{¶13} Plaintiff has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the survey monument. In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions or that defendant was negligent in maintaining the roadway area. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BROC KINSEY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

    Case No. 2011-02964-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Broc Kinsey
7892 N. Walnut Street Ext. S.E.
Gnadenhutten, Ohio 44629

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
5/12
Filed 6/1/11
Sent to S.C. reporter 9/12/11